LITTLEJOHN v. SOUTHERN RAILWAY CO.

1. SERVICE SUMMONS.—The service of a summons and complaint upon a resident station agent of a foreign railroad corporation having property within this State, upon a cause of action arising within this State, is valid, under act of 1887, 19 Stat., p. 835; Civil Code of 1893, sec. 155.
2. IBID.—Act of 1893, 21 Stat., 409, does not restrict, but enlarges, the means of serving process on foreign corporations.

Before BUCHANAN, J., Greenville, February 12, 1895. Reversed.

Action brought by Lyman Littlejohn against Southern Railway Company, on the 4th of February, 1895. Summons and complaint served on station agent of defendant company. Upon motion, Circuit Judge set aside service. Plaintiff appealed.

*Messrs. C. F. Dill* and *C. J. Hunt*, for appellant.

*Mr. T. P. Cothran,* contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. The facts of this case are undisputed, and substantially are as follows: The plaintiff desiring to commence an action against the defendant company, a foreign corporation, to recover damages for personal injuries alleged to have been sustained at a point on the line of the Atlanta and Charlotte Air Line Railway Company, within the limits of this State—a railway operated and controlled by the defendant company at the time—served his summons and complaint upon one C. E. Watson, the resident agent of the defendant company at Greenville, S. C., on the 4th of February, 1895. It is conceded that the defendant owns property within this State, is doing a large business here as a common carrier, and has complied with the requirements contained in the act of 1893, 21 Stat., 409, the provisions of which will hereafter be more particularly noticed—especially, that it had filed in the office of the Secretary of State its declaration designating as its principal place of business, in this State, at which all legal papers may be served on it, to wit: The passenger station heretofore used by the Charlotte, Columbia and Augusta Railway Company, in the city of Columbia, S. C.

Upon this conceded state of facts the defendant company made a motion, before his Honor, Judge Buchanan, to set aside the service of the summons and complaint as illegal. This motion having been granted, plaintiff appeals upon the several grounds set out in the record, which raise the single question whether service, within this State, upon the resident agent of a railway company, which is a foreign corporation, owning property in this State at a place other than that designated in the declaration filed in the office of the Secretary of State, is a valid service, where the cause of action arises in this State.

It must be admitted that the question presented is not free from difficulty—arising, as we think, from the frequent

changes which have been made in the statutory provisions relating to the mode by which a foreign corporation, owning property and doing business in this State, may be legally served with process, so as to give the courts jurisdiction over such corporation, in an action instituted here; and especially from the fact that the Legislature has seen fit to make special provisions as to the mode of service upon certain classes of corporations, of which a railroad corporation is one. It is necessary, for a proper understanding of the question now presented for determination, that these various statutory provisions, commencing with the Code, as adopted in 1882, should be reviewed. Sec. 155 of the Code 1882 reads as follows: "The summons shall be served by delivering a copy thereof as follows: (1) If the suit be against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, a director or managing agent thereof; but such service can be made in respect to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made, within this State, personally upon the president, cashier, treasurer, attorney or secretary thereof: provided, that the service of any legal process upon any agent of any railroad, telegraph, insurance or express company, within the limits of this State, shall be taken and held to be a valid service upon such corporation." By the act of 1883, 18 Stat., 437, without making any reference to the section of the Code just quoted, it was declared: "That service upon any person or persons occupying any office or rooms in any railway station, and attending to and transacting therein the business of any railroad, shall be deemed service upon the corporation under the charter of which the said railroad is authorized by law, and such person shall be deemed the agent of such corporation," &c. It will be observed that in this act no distinction is made between foreign and domestic railroad corporations, though some of the language used would seem to imply that it related only to corporations chartered by this State. Next comes the act of 1887, 19

Stat., 835, by which it was declared that subd. (1) of sec. 155 of the Code, as above quoted, be amended so as to read as follows: (1) "If a suit be against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, a director or agent thereof; but such service can be made in respect to a foreign corporation only when it has property within the State, or the cause of action arose therein, or where such service shall be made in this State, personally, upon the president, cashier, treasurer, attorney or secretary, or any resident agent thereof." The effect of this amendment was to make service upon an agent, instead of a *managing* agent, of a domestic corporation good, and to leave out the *proviso* relating to certain specified classes of corporations, and as to foreign corporations the effect was to make service upon any resident agent of such corporation good, provided such service was made in this State. The law as thus amended is incorporated in the Rev. Stat. of 1893, vol. 2, p. 67.

From this review of the statute law upon the subject, it seems to us that the service of the summons and complaint in this case was good, and that the Circuit Judge erred in holding otherwise. To make a foreign corporation a party to an action in the courts of this State, all that is required is that such corporation must have property within this State, or that the cause of action arose in this State, or that the president, cashier, treasurer, attorney or secretary, or any resident agent thereof, should be served personally within this State, and it is conceded that all these requirements were met in this case, for it is admitted that the defendant corporation has property within this State, that the cause of action arose here, and that the resident agent of the defendant was served personally within this State. If an individual comes within the limits of the State, and thus places himself within reach of the jurisdiction of our courts, he surely can be made a party to an action by serving him with process *while here;* and we do not see why the same principle should not be applied to

a foreign corporation.   As it can only act through its officers or agents, when through its officers or agents it comes into this State for the purpose of doing business here, it is like an individual who voluntarily comes here from a foreign State, and may be served with process just as such individual may be.   But as a corporation is an immaterial entity, and cannot, therefore, be personally served, it must, necessarily, be reached through its officers or agents, and the provisions of our Code simply designate what officers or agents may be served as representatives of the corporation.

The Circuit Judge based his conclusions upon the case of *Tillinghast* v. *Boston &c. Company*, 39 S. C., 484, and upon the provisions of the act of 1893, referred to above. But the case of Tillinghast differs widely from the present case in several particulars, only one of which need be mentioned, as it is vital.   In that case the attempt was made to validate a service of the summons and complaint upon one of the officers of the defendant company *beyond the limits of this State*, while here the resident agent of the defendant company was personally served *within the limits of this State*.   To have recognized the service in that case, would have been to hold, practically, that process from the courts of this State could run into another State—a doctrine condemned by all the authorities, some of which are cited in that case.   But here no such difficulty presents itself, for here no service was made or attempted outside of the limits of the State; and, on the contrary, the service was made in this State, upon a person who had been designated by statute as a proper representative of the defendant corporation upon whom service might be made.   So that we do not think the case relied upon is in point.

Next, as to the act of 1893, the title of which is as follows: "An act to declare the terms on which foreign corporations may carry on business and own property within the State of South Carolina."   It does not purport to be an act designating the mode by which a foreign corporation may be made a party to an action brought

in the courts of this State. On the contrary, its whole scope and object, as its title declares, is to prescribe the terms upon which a foreign corporation may carry on business in this State; and throughout its eight sections the only allusion made to the service of process upon the corporation is in the second section, which provides, as one of the terms upon which it is permitted to do business in this State, that it shall file in the office of the Secretary of State, within a prescribed time, a declaration designating some place within this State as its principal place of business, "at which all legal papers may (*not* must) be served on said corporation;" which was, doubtless, intended to prevent just snch a controversy as had then recently arisen in the case of *Hester* v. *Rasin Fertilizer Co.*, 33 S. C., 609. At all events, there is not a word in the act which indicates a purpose to declare that the mode of service there *permitted* shall be the *only* mode by which a foreign corporation can be served. Indeed, the only effect of this provision in the act of 1893 is to *extend* the facilities for serving a foreign corporation, instead of diminishing them. For, as we have seen, under the provisions of the Code above cited, a foreign corporation could only be made a party to an action by personal service on certain *designated* officers or agents, within the State, while under provisions of act of 1893, the service may be made by delivery of the papers to be served to *any* officer, agent or even *employee* of the corporation found on the premises designated as its principal place of business, "or if none such be found thereon, then by leaving copies of the same on the premises." Indeed, to hold that the *only* mode of serving a foreign corporation is the one permitted by that act, would be destructive of some of the important provisions of the act; for if a foreign corporation fails to designate a place for service of process against it, then, under such construction, no action could be commenced against such corporation, and the provisions of the act authorizing actions against a foreign corporation failing to comply with the provisions of the act, would become

entirely nugatory. We do not think, therefore, that the act of 1893 can have the effect of abridging the mode of service previously prescribed by law.

The judgment of this Court is, that the order appealed from be reversed.